Dawn MARTIN, Plaintiff,

v.

**HOWARD UNIVERSITY,**
**et al., Defendant.**

No. CIV A 99–1175(TFH/JMF).

United States District Court,
District of Columbia.

May 23, 2002.

James William Morrison, Holland & Knight, L.L.P., Dawn Valore Martin, Quin Harry Martin, Washington, DC, for Plaintiff.

James Patrick Schaller, Jackson & Campbell, P.C., Deborah K. St. Lawrence, Phillip A. Lattimore, III, Office of the General Counsel, Frederick Douglas Cooke, Jr., Rubin, Winston, Diercks, Harris & Cooke, L.L.P., Washington, DC, for Defendants.

Daniel I. Prywes, Pepper, Hamilton L.L.P., Washington, DC, for Non Party.

**ORDER**

FACCIOLA, United States Magistrate Judge.

Once more into the breach. I wonder if the parties and the court will ever wake up from the nightmare discovery has become in this case.

Staring a contempt citation in its face for its failure to comply with my April 11, 2001 order, Howard University ("Howard") and its counsel ask me to reconsider and correct that order. I hasten to add that in responding to my order to show cause why they should not be held in

contempt, neither Howard nor its counsel is arguing that the supposed errors in my April 11, 2001 order vitiate my instruction that they show cause why they should not be held in contempt. To the contrary, they defended themselves by first conceding that they failed to comply with that order. Howard stated the following:

> The University acknowledges, with concern, that it unintentionally failed to comply with certain provisions of this Court's April 11 Order. This defendant apologizes to the Court and to plaintiff for this failure.

*Defendant Howard University's Response to Order to Show Cause* at 1 (filed June 11, 2001).

Howard's counsel, represented at my direction by his own counsel, stated:

> Mr. Lattimore apologizes for the failure to comply in all respects with the Court's Order of April 11, 2001, which required that discovery response be completed within twenty days.

*Response of Phillip A. Lattimore, III to Show-Cause Order* at 1 (filed June 11, 2001).

These submissions by Howard and its counsel were therefore devoted to why its counsel's failure was not contumacious—namely because it was due to the extenuating circumstance of primary counsel's involvement in a trial in the Superior Court. Thus, although the motion for reconsideration now before me was filed the same day as the responses to the order to show cause, neither Howard nor its counsel asserted that my order of April 11, 2001 was in any way erroneous.

Indeed, my order that they show cause why they should not be held in contempt dealt only with the failure of Howard to comply with a deadline I set and had nothing to do with whether it had responded to plaintiff's discovery requests—the premise of its current motion for reconsideration. In my order, I stated the following:

> As a preliminary matter, I will first resolve the issue of Howard University's failure to comply with this Court's Order of April 11, 2001. The May 1st discovery deadline set by this Court passed without any indication from defendant that it could not meet this deadline. Defendant did not take any measures to seek relief from the May 1st deadline. Rather, the defendant merely allowed the deadline to lapse without any response whatsoever. Defendant filed no pleadings in this case until May 18, 2001, when it sought leave to file a late response to plaintiff's motion for reconsideration.
>
> Defendant's flagrant disregard for this Court's Order is unacceptable. Accordingly, Howard University shall show cause in writing within ten (10) days of the date of this order why Howard University and its counsel should not be held in contempt for failure to comply with this Court's order of April 11, 2001, directing defendant to provide plaintiff with answers to her interrogatories and document requests as compelled by the Order, and why defendant University should not be precluded from presenting a defense in this case altogether.

*Memorandum Opinion and Order* at 4.

■ Since my show cause order dealt only with the failure of Howard and its counsel to meet the deadline I set, any alleged mistakes in my April 11, 2001 order are of academic interest. First, even a "mistaken" order commands obedience until it is overturned on appeal. *Maness v. Meyers,* 419 U.S. 449, 458, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975). Second, Howard could have brought my supposed mistakes to my attention after I issued the April 11, 2001 order and before the May 1, 2001 deadline had past. Instead, Howard chose

to ignore the May 1, 2001 deadline and instead moved me to reconsider my April 11, 2001 order after being directed to show cause why it and its counsel should not be held in contempt. Thus, as Howard would have it, a party can ignore alleged mistakes in a court order, let deadlines come and go, and then, only after being ordered to show cause why it should not be held in contempt, inform the court of the court's supposed errors. It is hard to imagine a process that more trivializes the obligation a litigant has to comply with a court's orders.

Finally, Howard's complaint is that it had been ordered to provide information that it has already provided. First, assuming that is true, how has it been harmed? Second, there is no authority that would permit the filing of this motion for reconsideration. Howard cites Fed. R.Civ.P. 60(b) but forgets that the rule applies only to setting aside a final judgment. My April 11, 2001 order was no such thing. It merely resolved discovery issues. Indeed, in this case, to use the word "final" is to tempt fate.

Howard also relies on the court's inherent authority to consider such a motion. However, one would have to first posit the existence of such an authority. In practice, such an authority does not exist in isolation but has to be read in consonance with the Federal Rules of Civil Procedure and the court's obligation to conduct business in an orderly fashion.

In the case at bar, it must be recalled that in plaintiff's motion to compel, plaintiff specifically identified by number each discovery request that she claimed Howard had failed to sufficiently answer. In response to plaintiff's motion to compel, instead of providing a detailed explanation with attachments of how it had already responded to those discovery requests, Howard merely stated that "[t]he Univer-

sity adequately responded to all other discovery requests." *Opposition to Plaintiff's Motion to Compel and for Sanctions* at 7.

That limp generalization was no help at all. As a result, as has happened again and again in this case, my clerk and I had to go through pleading after pleading and every discovery request and response to find out what was requested and what was provided. We charted what we found and it was that chart and our independent analysis of the discovery that were the basis of conclusions in my April 11, 2002 order. Thus, Howard never specifically indicated why it believed it had answered the discovery "adequately" as it put it. The court, by itself, had to ascertain what in fact Howard provided in discovery.

█ When one reconstructs what really happened, it is clear that Howard, no matter how it styles its motion, is not asking me to reconsider anything. To "reconsider" means to consider for a second time a matter or argument that one previously considered. That is not what Howard is requesting. What Howard is really indicating to the court is that it failed to make a specific showing of why its responses were adequate and then asked me to consider, for the first time, if its responses to plaintiff's discovery requests were adequate after I had ruled. To style that request as a "motion to reconsider" is nonsensical. As courts have often stated, a motion to reconsider cannot be used to advance arguments not made in the first instance, prior to the court's ruling. *Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142 n. 6 (9th Cir. 1999); *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996); *Noon v. Sailor*, 2000 WL 684219 * 1 (S.D.Ind.2000).

It is therefore, hereby,

**ORDERED** that the *Motion by Howard University for this Court to Reconsider and Correct its April 11, 2001 Discovery Order* [# 113] is **DENIED.**

**SO ORDERED.**